**Opinion issued March 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00235-CV

———————————

**CHARLES BLAIR, Appellant**

**V.**

**HENRY D. WILLIAMS, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-51081**

---

## MEMORANDUM OPINION

This appeal was abated because appellant filed a Notice of Automatic Stay of Proceedings, informing the Court that the appeal was under a statutory stay imposed by Section 443.008(d) of the Texas Insurance Code. *See* TEX. INS. CODE § 443.008(d). Our abatement order provided that, until the parties notify the Court that

the stay is no longer in effect and move to reinstate the case, the Court will take no further action other than to receive and hold any documents tendered during the period of suspension.

The parties have filed an "Agreed Motion to Reinstate Appeal and for Court to Enter Judgment Effectuating Parties' Settlement." Specifically, the parties request the following:

> Pursuant to Texas Rules of Appellate Procedure 42.1(a)(2), and in accordance with the parties' agreement to settle the underlying dispute, Appellant and Appellee jointly file this motion respectfully asking this Court to (1) reinstate the appeal because the stay is no longer in effect, and (2) render judgment (a) vacating the trial court's judgment, (b) ordering that the Parties have resolved their differences in full and that all claims asserted in the lawsuit are dismissed with prejudice, and (c) ordering that each Party is responsible for its own attorney's fees and costs.

The agreed motion is signed by the parties' respective counsel.

The parties' agreed motion is granted. Because the parties aver that the statutory stay is no longer in effect, we reinstate the appeal. Effectuating the parties' agreement, we vacate the trial court's judgment and dismiss the case with prejudice. *See* TEX. R. APP. P. 42.1(a)(2)(A) ("In accordance with an agreement signed by the parties or their attorneys and filed with the clerk, the court may . . . render judgment effectuating the parties' agreement"), 43.2(e) (court of appeals judgment may "vacate the trial court's judgment and dismiss the case"). Each party is responsible for its own attorney's fees and costs of

appeal. *See* TEX. R. APP. P. 42.1(d) ("Absent agreement of the parties, the court will tax costs against the appellant."). Any other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Morgan.